ORDER

PER CURIAM.
The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss William Koski’s appeal of the judgment of the Court of Appeals for Veterans Claims in Koski v. Nicholson, 04-0543, for lack of jurisdiction. Koski opposes.
Koski appealed to the United States Court of Appeals for Veterans Claims from a 2003 Board of Veterans’ Appeals decision that determined (1) there was no clear and unmistakable error (CUE) in a 1946 regional office (RO) decision and (2) denied a claim for increased rating for a shell fragment wound. Koski asserted that, with regard to his CUE claim, the Board failed to sympathetically read his underlying claim pursuant to Roberson v. Principi, 251 F.3d 1378 (Fed.Cir.2001). As to his rating increase request, Koski alleged that the RO failed to comply with an earlier remand order and, further, that the Board’s findings of fact on this issue were clearly erroneous.
The Court of Appeals for Veterans Claims affirmed the Board’s decision holding, with regard to the Board’s CUE analysis, that the action was not “ ‘arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.’ ” (Citations omitted.) Next, the Court of Appeals for Veterans Claims concluded that the remand argument was actually an argument concerning notice error and that any such error was waived. Finally, the Court of Veterans Claims determined that “[u]pon review of the record in its entirety ... there is a plausible basis for the *930 Board’s decision” concerning the rating increase issue and, therefore, the Board’s decision in that regard was not clearly erroneous. Koski appeals.
Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). This court “may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2). Koski’s appeal does not satisfy any of the grounds for invoking this court’s jurisdiction as he does not challenge the validity or interpretation of any statute or regulation relied on by the Court of Appeals for Veterans Claims, and he raises no constitutional issue. In substance, Koski’s argument challenges a question of fact, namely, whether the decision was based on a complete claim file. Koski asserts that “this entire episode [is] flawed by incorrect records and statements” and that “[t]he Veterans Court was unable to give a decision favorable to this veteran because the entire record was not presented to the court.”
The Court of Appeals for Veterans Claims’ factual determinations pertaining to the sufficiency of Koski’s CUE and increased rating claims and application of the law to the facts of Koski’s case are not within our jurisdiction. In these circumstances, this court lacks jurisdiction to review Koski’s appeal. See 38 U.S.C. § 7292(d).
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss is granted.
(3) Each side shall bear its own costs.